IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


PALISADES COLLECTIONS LLC,

        Plaintiff and
        Counterclaim Defendant,

v.                      CIVIL ACTION NO. 5:07CV098
                          (Judge Keeley)


CHARLENE SHORTS,

        Defendant and
        Counterclaim Plaintiff,

v.

PALISADES COLLECTIONS LLC,
AT&T MOBILITY LLC and AT&T
MOBILITY CORPORATION,

        Counterclaim Defendants.


**CORRECTED MEMORANDUM OPINION AND ORDER**[1]

      The issue pending before the Court is whether the counterclaim defendants in this case, AT&T Mobility LLC and AT&T Mobility Corporation (jointly "ATTM"), may remove a putative class action from state to federal court. Because the counter-claim defendants do not have that authority, and because CAFA does not create an independent basis for removal, the Court grants defendant Charlene Shorts' ("Shorts") motion to remand the case to the Circuit Court of Brooke County, West Virginia.

---

      [1]    The corrections in this Order affect neither the substance of the analysis nor the outcome of the case.

## CORRECTED MEMORANDUM OPINION AND ORDER

### I.  FACTS AND PROCEDURAL HISTORY

Shorts purchased a cellular phone and wireless phone service from Cingular Wireless LLC ("Cingular").  Shorts' contract provided that if she defaulted on her payment obligations before the end of the contract term, Cingular would charge her $150.00 in early termination fees.  In October 2004, Cingular merged with AT&T Wireless Services, Inc. to become AT&T Mobility LLC ("AT&T").  Before Shorts' contract ended, AT&T determined that she was in default on her account, and, thus, terminated her service and charged her the early termination fee.

In June 2005, AT&T assigned its right to collect on Shorts' default to Palisades Collection LLC ("Palisades").  A year later, on June 23, 2006, Palisades initiated a collection action against Shorts in the Magistrate Court for Brooke County, West Virginia.

Palisades then removed the case from the magistrate court to the Circuit Court of Brooke County.  On July 14, 2006, Shorts filed her answer and also counterclaimed against Palisades for violations of the West Virginia Consumer Credit & Protection Act ("the Act").  Almost one year later, on May 16, 2007, Shorts moved for leave to file a first amended counterclaim, joining AT&T as an "additional counterclaim defendant."  The circuit court heard oral argument on this amended counterclaim on June 4, 2007, and, on June 26, 2007,

granted the motion and ordered that the amended counterclaim be deemed filed as of June 4, 2007. The new counterclaim defendants, AT&T Mobility LLC and AT&T Mobility Corporation, were served with the amended counter claim on July 13, 2007.[2]

In her amended counterclaim, Shorts alleged that Palisades and ATTM violated the Act by systematically contracting for, charging, attempting to collect, and collecting illegal default charges in excess of the amounts allowed by W.Va. Code § 46A-2-115(a), and by imposing unconscionable charges in violation of W.Va. Code § 46A-2-121.

Not long after filing the amended counterclaim, Shorts filed a motion for class certification, seeking to represent a class of individuals with similar contracts with Cingular and AT&T. Before the Brooke County Circuit Court could rule on that motion, however, ATTM removed the case to this Court.

As a basis for removal jurisdiction, ATTM relies on the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. 109-2, 119 Stat. 4

_____

[2] There appears to be some confusion as to the identity of the counterclaim defendants. Although Shorts named only Palisades and AT&T Mobility LLC in her counterclaim, AT&T Mobility Corporation joined with AT&T Mobility LLC in removal and again in the memorandum in opposition to Shorts' motion to remand. Thus the Court is treating AT&T Mobility Corporation as a "counterclaim defendant" in conjunction with AT&T Mobility LLC, and refers to both the AT&T Mobility entities jointly as "ATTM."

3

(2005) (codified in scattered sections of Title 28 of the United States Code), which grants federal courts jurisdiction over qualifying class actions.  Specifically, to meet CAFA requirements, the class must meet minimal diversity requirements, the aggregate amount in controversy must exceed $5,000,000.00, and the class must contain 100 or more members.  See 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6) (2005).

Shorts responded to ATTM's removal of the case by filing this motion to remand on August 6, 2007.  She argues that ATTM cannot remove this case because it is not a "defendant" pursuant to 28 U.S.C. § 1441 (2002) ("§ 1441"), the statute providing for removal of state cases to federal court.  ATTM asserts that this Court must look beyond the title "counterclaim defendant" to determine removal authority, or, alternatively, that CAFA should be interpreted as creating a basis for removal in this case.  The two issues before the Court, therefore, are (1) whether ATTM is a defendant for purposes of removal, and (2) whether CAFA provides an independent basis for removal.

### III.  LEGAL ANALYSIS

#### A.  REMOVAL UNDER 28 U.S.C. § 1441

It is well-established that, in a dispute over removal of a case to federal court, the party seeking removal bears the burden

of establishing that federal jurisdiction is proper.  <u>E.g.</u> <u>Dixon v.</u>

<u>Coburg Dairy, Inc.</u>, 369 F.3d 811, 816 (4th Cir. 2004).   In

addition, courts are

> obliged to construe removal jurisdiction strictly because
> of the 'significant federalism concerns' implicated.
> Therefore, '[i]f federal jurisdiction is doubtful, a
> remand [to state court] is necessary.'

<u>Id.</u> (quoting <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148,

151 (4th Cir. 1994)).   ATTM, therefore, bears the burden of

establishing jurisdiction in this Court, and any doubts should be

resolved in favor of remand.

 A "defendant" in a state case may remove the action to federal

court if either federal question or diversity jurisdiction is

present.   28 U.S.C. § 1441.   As detailed below, the Court agrees

that this putative class action meets the jurisdictional

requirements of CAFA, and thus federal subject matter jurisdiction

exists.   This Court may, therefore, properly retain jurisdiction if

it determines that ATTM has the authority to remove.   Accordingly,

the definitive issue is whether ATTM is a "defendant" under the

statute.

> United States Code Title 28 section 1441 provides:

> Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of
> which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or

> the defendants, to the district court of the United
> States for the district and division embracing the place
> where such action is pending.

28 U.S.C. § 1441(a). Shorts argues that courts have interpreted § 1441(a) as excluding "counterclaim defendants" from among those defendants who may remove an action to federal court. She cites long-standing Supreme Court precedent holding that, in an action in which the original defendant counterclaims against the original plaintiff, the plaintiff (now counterclaim defendant) is <u>not</u> a defendant for the purpose of removal under the statute. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941).

Shorts next relies on several district court cases from various circuits, discussed <u>infra</u>, for the proposition that even an "additional counterclaim defendant" is not a "defendant" under § 1441(a) and, therefore, is barred from removing the case. An "additional counterclaim defendant" is a defendant named in a counterclaim who was not an original plaintiff in the case and, instead, is a new party brought into the suit by the counterclaim.

ATTM contends that it should not be barred from removing the case because it was not a party to the original action. It admits that it was added as a "counterclaim defendant" pursuant to West Virginia Rules of Civil Procedure 13(h) and 20, and it does not ask the Court to undo the state court's ruling. Instead, ATTM asks the

Court to find, solely for the purpose of allowing removal, that it was improperly joined as a "counterclaim defendant," and, instead, to consider it a "true defendant" who can remove.

> **1.    ATTM is properly joined as an "additional counterclaim defendant."**

Legal characterizations of a party's status as stated in a complaint are not controlling; rather the Court must look at the factual allegations, or, in this case, the nature of the proceedings that have already occurred, to determine a party's proper status.  See <u>The Dartmouth Plan, Inc. v. Delgado v. The Dartmouth Plan, Inc., et al.</u>, 736 F.Supp. 1489, 1491 (N.D.Ill. 1990).  Furthermore, "[i]n determining the removing parties' proper characterization, federal law controls." <u>Id.</u> (citing <u>Chicago, Rock Island & Pacific R.R. v. Stude</u>, 346 U.S. 574, 579-80 (1954) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant.")).

In this case, Shorts joined ATTM as a "counterclaim defendant" pursuant to West Virginia Rules of Civil Procedure 13(h) and 20. Rule 13(h), which is identical to the parallel federal rule, states that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."  Applicable

here is Federal Rule 20, which provides for permissive joinder of

parties.  Rule 20(a) states, in part,

> All persons . . . may be joined in one action as
> defendants if there is asserted against them jointly,
> severally, or in the alternative, any right to relief in
> respect of or arising out of the same transaction,
> occurrence, or series of occurrences, and if any question
> of law or fact common to all defendants will arise in the
> action.

Fed.R.Civ.P. 20(a)(2007).

It is well established that joinder under Rule 13(h) may only

be invoked if a new party is being joined with an existing party in

a counterclaim or cross-claim that lies against both the new and

existing parties.  6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE & PROCEDURE §§ 1434, 1435 (2d ed. 1990); see also 3 JAMES WM.

MOORE ET AL, MOORE'S FEDERAL PRACTICE ¶ 13.112 (3d ed. 1997).  In

Dartmouth, a district court in the Northern District of Illinois

explained the status of a party joined by the original defendant

through Rule 13(h):

> A counterclaim is any suit by a defendant against the
> plaintiff including any claims properly joined with the
> claims against the plaintiff.  See Fed.R.Civ.P. 13(a)-
> (c).  A counterdefendant need not also be a plaintiff.
> See Fed.R.Civ.P. 13(h).

736 F.Supp. at 1491.  Thus, the counterclaim defendant may be a new

party that is brought in for the first time on the counterclaim, as

**CORRECTED MEMORANDUM OPINION AND ORDER**

long as the claims against the new party are properly joined with the claims against the original party.

In her amended counterclaim, Shorts asserted a claim against Palisades under West Virginia law, challenging its attempts to collect her debt.  She alleged that the debt is partially made up of illegal fees.  In the same amended counterclaim, Shorts joined ATTM, arguing that it contracted for, charged, and attempted to collect the same illegal fees.  In other words, Palisades sued Shorts to collect fees, after which Shorts counterclaimed on the basis that the fees are illegal.  She then joined ATTM on the basis that they too are liable for the illegal fees, given that they had contracted for the fees, attempted to collect them, and then ultimately assigned the right to collect them to Palisades.

Because Shorts asserts that both Palisades and ATTM have violated West Virginia law, and are therefore liable to Shorts and the other putative class members, the Court finds that ATTM is properly characterized as a counterclaim defendant.

> **2.   Additional counterclaim defendants may not remove.**

As a counterclaim defendant, ATTM does not have authority to remove the action to federal court.  In a case that is factually and procedurally similar to this one, a district court found that additional counterclaim defendants do not have removal authority.

_Dartmouth_, 736 F.Supp. at 1492.  In _Dartmouth_, the original defendants, Mr. and Mrs. Delgado, obtained a mortgage on their home from The Dartmouth Plan, Inc. ("Dartmouth").  _Id._ at 1490. Dartmouth sold that mortgage to National City Bank, but continued to service the mortgage.  _Id._ After the Delgados stopped making payments on the mortgage, Dartmouth brought a foreclosure action in state court.  _Id._   In response, the Delgados counterclaimed against Dartmouth and added National City Bank and two other companies as additional counterclaim defendants, alleging a class action lawsuit in violation of Illinois state consumer laws.  _Id._ National City Bank and the other additional counterclaim defendants (termed "counterdefendants" by the district court) removed the action to federal court.  _Id._ at 1491.

In holding that the counterdefendants did not have authority to remove, the district court first considered the argument that "a counterdefendant who is not a plaintiff does not voluntarily choose to bring suit in a state court and thus can be viewed in a different light than the counterdefendant who is also a plaintiff." _Dartmouth_, 736 F.Supp. at 1492.  In rejecting this position, the court found that "federalism principles and the language of § 1441 militate against allowing a third-party action to bring otherwise nonremovable claims into federal court with it" and "just as a

third-party has no special rights to remove, neither does a nonplaintiff counterdefendant." Id. The court concluded that "a counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court." Id.

Employing a similar analysis, other district courts also have held that additional counterclaim defendants may not remove. In Capitalsource Finance, LLC v. Thi of Columbus, Inc., et al., for example, a district court in the Southern District of Ohio found:

> [T]he counterclaim defendants do not have statutory authority under the removal statutes to remove this case. Although the Court recognizes that the removing parties, unlike the typical plaintiff/counterclaim defendant, did not choose in the first instance to litigate their claims in the state court, the presumption against removal jurisdiction and the need to construe the removal statute narrowly and not liberally precludes a finding that they are 'defendants' with a right to remove.

411 F.Supp.2d 897, 900 (S.D.Ohio 2005). Similarly, in OPNAD Fund, Inc., et al. v. Watson, a district court in the Southern District of Mississippi ruled that McDonald's Corporation ("McDonald's"), which was added to the case as an additional counterclaim defendant, did not have authority to remove because it was not a defendant within the meaning of the removal statute. 863 F.Supp. 328, 332 (S.D.Miss. 1994).

**CORRECTED MEMORANDUM OPINION AND ORDER**

Based on the reasoning in <u>Dartmouth</u> and the other cases discussed above, the Court finds that, as an additional counterclaim defendant, ATTM may not remove this case to federal court because it is not a "defendant" for purposes of removal under § 1441.

### 3. Realignment of the parties is not appropriate.

Alternatively, ATTM requests the Court to realign the parties and place Shorts in the position of plaintiff and ATTM in the position of "real defendant." ATTM correctly asserts that federal courts may review the alignment of the parties and reconsider their proper status for the purpose of allowing removal:

> Federal law determines who is a plaintiff and who is a defendant for purposes of applying the removal statute, and the federal court may realign the parties according to their real interests, as it can in a case originally instituted in a federal court, before deciding whether a true 'defendant' is seeking removal to federal court.

WRIGHT & MILLER, <u>supra</u>, § 3731.

In <u>Mason City & Fort Dodge Railroad Company v. Boynton</u>, 204 U.S. 570 (1907), "the Supreme Court articulated a functional test for determining which party is the defendant for purposes of removal." <u>Spragins' Estate v. Citizens Nat. Bank of Evansville</u>,

563 F.Supp. 424, 425-26 (D.C. Miss. 1983).[3] Under that test, "the plaintiff is the party whose intent to achieve a particular result, such as the recovery of property or money, is the mainspring of the proceedings, and who is responsible for the continued existence of the action." CitiFinancial, Inc. v. Lightner, No. 5:06CV145, 2007 WL 1655225, *2 (N.D.W.Va. June 6, 2007) (quoting Estate of C.A. Spragins v. Citizens Nat'l Bank of Evansville, 563 F.Supp. 424, 425-26 (N.D.Miss. 1983)) (internal quotations omitted).

ATTM asserts that the "mainspring" of this action is the putative class action, rather then the original debt collection action.  Very little support exists for this interpretation, however, and the only case cited by ATTM in support of this proposition, Miller v. Washington Workplace, Inc., 298 F.Supp.2d 364 (E.D.Va. 2004), was later criticized and rejected for its lack of analysis and poor reasoning.  See Williamsburg Plantation, Inc. v. Bluegreen Corp., 478 F.Supp.2d 861, 865 (E.D.Va. 2006).

In Miller, the district court briefly reviewed the procedural history of the case, explaining that Washington Workplace initiated

---

[3]     Interestingly, while district courts have applied the "functional test" in various types of actions, "the Supreme Court has applied its functional test solely in the context of condemnation proceedings." Cross Country Bank v. McGraw, 321 F.Supp.2d 816, 823 (S.D.W.Va. 2004).

the action by filing a motion for judgment against Miller for breach of contract. <u>Id.</u> at 369. Miller responded by filing counterclaims against Workplace and third-party claims against a new party, Murphy. <u>Id.</u> Workplace and Murphy then removed the action to federal court, asserting federal question jurisdiction. <u>Id.</u> No motion to remand was filed. Instead, Miller, the original defendant, asked the Court to realign the parties, placing it in the position of plaintiff. <u>Id.</u> The Court granted this motion. <u>Id.</u>

Miller is not persuasive for several reasons. First, as Shorts argues, <u>Miller</u> has been subsequently criticized by several courts, including the court that issued the decision. In <u>Williamsburg Plantation</u>, the Court stated:

> <u>Miller</u> cannot stand for the affirmative proposition that a federal court should realign the parties to a state court action so as to make removal possible where the only federal question present is in the state court defendants' counterclaim.

478 F.Supp.2d at 865. Indeed, in <u>Great Eastern Resort Corporation v. Bluegreen Corporation</u>, 2006 WL 3391504, *3 (W.D.Va. November 22, 2006), the court stated that "<u>Miller</u> provides no legal basis for a plaintiff/counterclaim-defendant to remove an action to federal court." In addition, the facts of <u>Miller</u> differ significantly from those in this case, because realignment was requested by the

original defendant, Miller, not the original plaintiff or additional counterclaim defendant, and realignment was not being requested for the purpose of establishing removal authority.

Shorts, on the other hand, argues that courts routinely refuse to realign parties who were first joined as additional counterclaim defendants. For example, in <u>OPNAD Fund</u>, the Court applied the functional test and determined that McDonald's, the additional counterclaim defendant, was properly aligned with the plaintiff, and therefore could not remove. 863 F.Supp. at 334. McDonald's developed OPNAD Fund, a not-for-profit corporation, to fund its national advertising efforts. <u>Id.</u> at 329. The original defendant, Joseph Watson, owned two McDonald's franchises. <u>Id.</u> When Watson notified OPNAD that he wanted to resign from participating with it, OPNAD sued him to collect delinquent contributions. <u>Id.</u> Watson counterclaimed against OPNAD and added McDonald's as an additional counterclaim defendant. <u>Id.</u> Watson's counterclaim asserted contract and tort claims, and alleged that OPNAD and McDonald's conspired to drive him out of business. <u>Id.</u> at 329-30.

In applying the functional test, the Court found that OPNAD was affirmatively asserting claims for money due under contract, and Watson was resisting those claims through counterclaims. <u>Id.</u> at 334. It found that the "mainspring" of the action remained the

**CORRECTED MEMORANDUM OPINION AND ORDER**

collection of funds under contract. <u>Id.</u> Thus, the court concluded that McDonald's was not a "defendant" for purposes of removal, and should remain aligned with OPNAD as a plaintiff. <u>Id.</u>

Despite this precedent, ATTM argues that the underlying collection action is no longer the mainspring of this case, because, but for the counterclaims, the collection action would have concluded long ago. This argument is undermined, however, by several cases holding that, even in actions in which the original claim filed by the plaintiff is settled or dismissed, the original plaintiff remains the plaintiff for purposes of removing the remaining counterclaims. <u>Green Tree Financial Corp. v. Arndt</u>, 72 F.Supp.2d 1278, 1282 (D.Kan. 1999); <u>Rodriquez v. Federal National Mortgage Association</u>, 268 F.Supp.2d 87, 91 (D.Mass. 2003). In <u>Green Tree</u>, the district court stated that it was unaware of any case that had "employed realignment principles to conclude that a state court plaintiff can become a defendant, for purposes of § 1441(a), entitled to remove after the dismissal of its self-appointed claims." <u>Id.</u> at 1282. Thus, even accepting ATTM's argument that, in absence of the counterclaims, the underlying debt collection action would have already concluded, the Court finds no basis for realignment.

**CORRECTED MEMORANDUM OPINION AND ORDER**

Because ATTM is properly joined as a counterclaim defendant, it is also properly aligned with Palisades, the original plaintiff. The "mainspring" of this action is Palisades' attempt to seek payment of a debt from Shorts. Shorts has defended herself against this claim by alleging that, under West Virginia law, she does not owe at least part of that debt. She asserts that Palisades and ATTM have jointly violated her state law rights by contracting for, and then trying to collect, the unlawful early termination fees which make up that debt. Although Palisades' role in the alleged state law violations is admittedly smaller than ATTM's role, both are accused of the same violations, and both are subject to the counterclaims. Realignment is not proper in this circumstance.

**B.   REMOVAL UNDER CAFA**

ATTM asserts that CAFA provides independent removal jurisdiction, and therefore it may remove even though the Court has found that ATTM is not a "defendant" for purposes of removal under § 1441.

**1.   This claim meets CAFA's requirements**.

As a starting point, ATTM asserts, and the Court agrees, that this claim meets the requirements for federal jurisdiction under CAFA. That statute requires the removing party to establish that (1) there are 100 or more class members, (2) the aggregate amount

in controversy exceeds $5,000,000, and (3) minimal diversity exists. 28 U.S.C. §§ 1332(d)(5)(B), 1332(d)(6), 1332(d)(2)(A). Additionally, the action over which jurisdiction is sought must have commenced after CAFA's effective date of February 18, 2005. Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 14 (2005).

This action commenced on January 11, 2006, well after CAFA's effective date. In her motion for class certification, Shorts alleges that there are "at least tens of thousands" of members of the putative class. ATTM corroborates this assertion by stating that, in the last three years of the putative class period alone, ATTM has had more than 160,000 individual subscribers with addresses in West Virginia who meet the qualifications for this class. Thus, the requirement that there be at least 100 members in the class is undisputedly met.

Similarly, both parties allege that the potential damages would well exceed the minimum CAFA requirement of $5,000,000. The claimants seek statutory damages of $100 to $1000 per class member. Having already established that the class contains at least 160,000 members, the claimed statutory damages could amount, at a minimum, to $16,000,000. In addition, the putative class members also challenge the enforceability of the Early Termination Fee component

18

of their contracts, fees that were either $150 or $175 during the class period. Thus, this claim could amount to a minimum of $24,000,000. Recognizing that the actual class size and the amounts awarded may be larger than estimated here, and given that the claimants also seek fees and costs, the Court finds that the amount in controversy easily far exceeds $5,000,000.

The only possible question regarding jurisdiction under CAFA, therefore, arises over the question of minimal diversity. CAFA provides that district courts have original jurisdiction over civil class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). This broad jurisdiction is limited, however; a district court "shall decline" jurisdiction over a class action in which (1) "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," (2) at least one defendant from whom significant relief is sought, and whose alleged conduct forms a significant basis for the claims asserted, is a citizen of that same state, and (3) the principal injuries resulting from the alleged misconduct were incurred in that state. <u>Id.</u> at § 1332(d)(4).

**CORRECTED MEMORANDUM OPINION AND ORDER**

Shorts is a citizen of West Virginia and the rest of the putative class members are either citizens of West Virginia or are citizens of other states who have resided in West Virginia. Neither of the companies comprising ATTM is a citizen of West Virginia, each being organized under the laws of the state of Delaware, with their principal place of business in the State of Georgia. Although Palisades does not join in the action for removal,[4] it is a named defendant in the class action, and thus must be considered in the analysis. Palisades is also incorporated in Delaware, and has its principal place of business in New Jersey.

The parties in this case clearly meet the minimal diversity contemplated by CAFA; Shorts and other class members are citizens of West Virginia while ATTM and Palisades are citizens of Delaware, New Jersey and Georgia. It appears, then, that this Court would have jurisdiction over this case, if it has been properly removed.

> **2.    CAFA does not create an independent basis for removal.**

Given these findings, the only remaining question regarding whether ATTM has properly removed this case is whether, as an

_____

[4]    CAFA "clearly suspends the well-established rule of unanimity for purposes of class action removals." <u>Miedema v. Maytag Corp.</u>, 450 F.3d 1322, 1329 (11th Cir. 2006) (citing 28 U.S.C. § 1453(b) "A class action . . . may be removed by any defendant without the consent of all defendants.").

alternative to finding that it is a "defendant" that can remove under § 1441, this Court can find that an independent basis for removal was created by CAFA. The relevant language in CAFA states:

> [a] class action may be removed to a district court of the United States in accordance with section 1446 . . ., without regard to whether <u>any defendant</u> is a citizen of the State in which the action is brought, except that such action may be removed by <u>any defendant</u> without the consent of all defendants.

28 U.S.C. § 1453(b) (2005) (emphasis added). ATTM argues that the use of the language "any defendant," rather than "the defendant," signals that  Congress intended to broaden the understanding of which parties may remove a case to federal court. ATTM asserts that there is limited authority interpreting CAFA on this issue, and asks the Court to look at the congressional intent underlying CAFA and the public policies that CAFA was intended to promote.

ATTM notes, correctly, that little precedent exists on this question of statutory interpretation. Two recent cases are particularly instructive, however.[5] In an opinion from this

---

[5]    ATTM asks this Court to interpret a case from the District of South Carolina as standing for the proposition that a

**CORRECTED MEMORANDUM OPINION AND ORDER**

district issued in June 2007, <u>CitiFinancial, Inc. v. Lightner</u>,
Judge Stamp ruled that a counterclaim defendant seeking to remove
a class action to federal court pursuant to CAFA was not a
"defendant" and could not remove.   2007 WL 1655225 at *3.   The
plaintiff, CitiFinancial, Inc. ("CitiFinancial"), filed a claim in
state court against the defendant, Lightner, for breach of
contract.  <u>Id.</u> at *1.  Lightner responded by filing a counterclaim
against Citifinancial, alleging violations of West Virginia
consumer laws.  <u>Id.</u>  He then filed a second amended counterclaim
alleging several putative class action counterclaims.   <u>Id.</u>
CitiFinancial then removed the action to the federal district
court, alleging jurisdiction under CAFA.  <u>Id.</u>

---

newly joined third party would have a procedural right, under CAFA,
to remove a case to federal court.  <u>Deutsche Bank Nat'l Trust Co.</u>
<u>v. Tyner</u>, 233 F.R.D. 460 (D.S.C. 2006).   In <u>Deutsche Bank</u>, the
party attempting removal was joined as a "third-party defendant"
against which class claims had been asserted.  <u>Id.</u> at 461.   The
Court dismissed the class claims as improperly joined, and remanded
the case to state court based on a lack of diversity jurisdiction.
<u>Id.</u> at 463.  The Court distinguished the language of § 1441 ("the
defendant") from the language in § 1453 ("any defendant") and
implied that a third-party defendant would be allowed to remove
under § 1453.  <u>Id.</u> at 464-65. This issue was not actually before
that court, however, and thus its dicta is not controlling.  Other
courts actually deciding this question have not followed the
reasoning in <u>Deutsche Bank</u>, and this Court relies on those cases
instead.

**CORRECTED MEMORANDUM OPINION AND ORDER**

In considering a motion to remand filed by Lightner, Judge Stamp first cited <u>Shamrock Oil</u> for the proposition that 28 U.S.C. § 1446 makes clear that only "defendants" may remove an action to federal court. <u>Id.</u> at *2. He then found that CitiFinancial held the position of a plaintiff for the purposes of removal, and declined to realign the parties because "the counterclaim does not significantly alter CitiFinancial's status as a plaintiff." <u>Id.</u> at *3. In making this finding, Judge Stamp cited a case from the Northern District of Mississippi for the proposition that the "parties' status for purposes of removal is not affected by any affirmative defenses or counter-pleadings." <u>Id.</u> (quoting <u>Estate of C.A. Spragins v. Citizens National Bank of Evansville</u>, 563 F.Supp. 424 (N.D.Miss. 1983) (internal quotations omitted). Ultimately, Judge Stamp held that CitiFinancial could not remove and remanded the case to state court. <u>Id.</u> at 3.

Although the <u>CitiFinancial</u> decision does not address whether CAFA in any way affects a third party's right to remove, it implies that the case law interpreting the definition of "defendant" under the statutes governing removal, 28 U.S.C. §§ 1441 and 1446, applies to removal under CAFA. Thus, if <u>Shamrock Oil</u> and its progeny apply when a plaintiff/counterclaim defendant seeks removal under CAFA,

CORRECTED MEMORANDUM OPINION AND ORDER

reason compels that such precedent should apply when an additional counterclaim defendant seeks removal.

Consistent with this reasoning, a federal district court in the Northern District of Ohio recently held that a defendant in the same position as ATTM could not use CAFA as a basis for removing a case to federal court. See FordMotor Credit Co. v. Jones, No. 1:07CV728, 2007 WL 2236618 (N.D. Ohio Jul. 31, 2007). FordMotor began as a collection action after the original defendant, Mr. Jones, leased a car from Mullinax, a car dealer in Ohio. Id. at *1. When Jones defaulted on his lease, Mullinax assigned the collection action to FordMotor Credit ("FordMotor").[6] Id. FordMotor then initiated a collection against Jones and his co-signer, Moore, and ultimately repossessed and resold the car. Id. Moore filed a counterclaim against FordMotor and a "cross-claim" against Mullinax, alleging violations of Ohio consumer protection law, and requested class certification. Id. Mullinax, termed a "cross-claim defendant" by the district court, removed the case to federal court. Id.

---

[6]    Although the Northern District Court's opinion does not discuss this assignment, the assignment is described in FordMotor's Complaint, which Shorts provided for this Court's review.

In removing the case, Mullinax conceded that it did not have authority to remove under 28 U.S.C. § 1441. <u>Id.</u> Instead, as ATTM has done here, it argued that CAFA provides an independent basis for removal. <u>Id.</u> Mullinax attempted to draw a distinction between the reference to "any defendant" in CAFA and the understanding of the meaning of "the defendant or the defendants" found in § 1441(a). <u>Id.</u> It then argued that, by using the phrase "any defendant," Congress intended for CAFA to apply to even third-party defendants. <u>Id.</u>

The district court declined the invitation to expand the definition of defendant to include an independent basis for removal under CAFA for a "cross-claim defendant". <u>Id.</u> at *3. Relying on Sixth Circuit precedent, it first noted that a third-party defendant does not have a right to remove a case under either § 1441(a) or § 1441(c). <u>Id.</u> (citing <u>First National Bank of Pulaski v. Curry</u>, 301 F.3d 456 (6th Cir. 2002)). It then concluded that nothing in CAFA alters this rule. <u>FordMotor</u>,2007 WL 2236618 at *2.

Despite being labeled a "cross-claim defendant" by the Ohio district court, Mullinax clearly stood in the same position as ATTM in this case. Moreover, the district court's reasoning applies equally to an "additional counterclaim defendant." If CAFA did not alter the definition of "defendant" as it pertains to allowing

removal, then the traditional rule continues to apply: an additional counter-claim defendant is not a defendant for purposes of removal. ATTM, therefore, may not rely on CAFA to circumvent the long-standing requirement that only a true defendant may remove a case to federal court.

### III.  CONCLUSION

Because ATTM is properly joined as a counterclaim defendant, and therefore has no authority to remove the case under 28 U.S.C. § 1441, and because CAFA does not create independent removal authority, the Court **GRANTS** Shorts' motion (dkt. no. 4) and **REMANDS** the case to the Circuit Court of Brooke County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of the order to counsel of record.

DATED: January 29, 2008.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE